IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



STEVEN L. ADAMS
ELLEN L. ADAMS,
        Plaintiffs,

-vs-

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, LP FKA COUNTRYWIDE
HOME LOANS SERVICING, LP, FOR
THE BENEFIT OF WMALT 2007-OA1
TRUST,
        Defendant.

CAUSE NO.:
A-17-CA-00646-SS

## **ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Plaintiffs Steven and Ellen Adams's Motion to Remand [#9] and Defendant Bank of America, N.A. (BANA)'s Response [#16] in opposition, as well as BANA's Motion to Dismiss [#11], the Adamses' Response [#16] in opposition, and BANA's Reply [#20] in support. Having reviewed the documents, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

In July 2006, Steven and Ellen Adams purchased a subdivision lot in Cedar Park, Texas. *Adams v. Bank of Am., N.A.*, No. A-12-CA-366-SS, 2013 WL 12094271, at *1–2 (W.D. Tex. June 7, 2013), *aff'd*, 570 Fed. App'x 375 (5th Cir. 2014) (per curiam). The Adamses paid for the property by taking out a loan from Countrywide Bank (the Loan). *Id.* The Loan was secured by a

1

lien against the property (the Deed of Trust). *Id.* The Loan is owned by the WMALT 2007-OA1 Trust (the Trust); the Deed of Trust has been owned by BANA since 2011 "for the benefit of the [T]rust." *Id.*[1] BANA has serviced both the Loan and the Deed of Trust since 2006. *Id.* The trustee of the Trust, however, is U.S. Bank—not BANA. *Id.*

The Adamses defaulted on the Loan in May 2009, and BANA served notice of a foreclosure sale in November 2011. *Id.* When the foreclosure sale took place in December 2011, BANA purchased the property "for the benefit of the [T]rust." *Id.* The Adamses brought suit in state court in April 2012 challenging BANA's authority to foreclose on the property. *Id.* BANA removed that prior lawsuit to this Court, and this Court dismissed the Adamses' claims with prejudice on July 7, 2013. *Id.* The Fifth Circuit affirmed. *Adams*, 570 Fed. App'x 375.

Subsequently, in November 2016, BANA initiated a forcible detainer suit in state court asserting a right to immediate possession of the property. Am. Compl. [#8] at 3. Travis County Justice Court ruled in favor of the Adamses, but BANA appealed and prevailed in Travis County Court at Law. *Id.* The Adamses have appealed the decision of the Travis County Court at Law. *Id.*

Despite the pendency of their appeal in the forcible detainer suit, the Adamses brought this second action in state court seeking a declaratory judgment that BANA is not the legal owner of the property. Notice Removal [#1-2] Ex. 1 (Petition). BANA removed the action to this Court on July 30, 2017. Following amendment of their complaint, the Adamses' sole claim for relief arises under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Am. Compl. [#8] at 4–5.

---

[1] The parties appear to dispute whether BANA subsequently assigned the Deed of Trust in 2014. *Compare* Am. Compl. [#8] at 3 ("On March 4, 2014, any interest [BANA] had in the Deed of Trust was assigned to another person."), *with* Mot. Dismiss [#11] at 2 ("BANA is the latest assignee of record.").

2

BANA now asks this Court to dismiss the Adamses' suit on the basis of res judicata. Mot. J. Pleadings [#11].[2] The Adamses request this Court remand to state court or, in the alternative, deny BANA's motion for judgment on the pleadings. Mot. Remand [#9]; Resp. Mot. Dismiss. [#16]. These pending motions are now ripe for review.

## Analysis

First, the Court addresses the Adamses' contention the Court lacks diversity jurisdiction over this action. *See* Mot. Remand [#9]. Second, the Court considers whether it should exercise its discretion to stay or dismiss the Adamses' claim for declaratory relief under 28 U.S.C. § 2201. Because the Court in its discretion concludes the Adamses' claim for declaratory relief should be dismissed, the Court does not reach BANA's motion to dismiss. *See* Mot. Dismiss [#16].

### I. Motion to Remand

#### A. Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* Any doubts or ambiguities regarding the propriety of removal are construed against removal and in favor of remand to the state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). BANA has invoked federal court diversity jurisdiction under 28 U.S.C. § 1332(a).

District courts have diversity jurisdiction over civil actions between citizens of different States when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Section 1332

---

[2] While BANA characterizes its filing as a motion to dismiss, the motion was actually brought under Rule 12(c), rendering it a motion for judgment on the pleadings. *See* FED. R. CIV. P. 12(c).

3

requires "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "Citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–461 (1980). Thus, the Court must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Id.*; *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016).

### B. Application

Steven and Ellen Adams are citizens of Texas. BANA is a citizen of North Carolina. *See Tu Nguyen v. Bank of Am., N.A.*, 516 Fed. App'x 332, 334 n.1 (5th Cir. 2013) (per curiam) (observing national banking association is citizen of the state in which it has its main office). Nevertheless, the Adamses insist BANA has failed to establish diversity of citizenship exists. This requires some unpacking.

The Adamses have named BANA as the sole defendant in this action and seek a declaratory judgment that BANA has no authority to enforce or service the lien on the Adamses' property. Am. Compl. [#8] at 1, 4–5. In spite of this, the Adamses now assert BANA is a non-stakeholder in this controversy. Mot. Remand [#9] at 4–5. The real party in interest, the Adamses suggest, is actually the Trust. *Id.* And because BANA has not established the citizenship of the Trust in this case, the Adamses argue this Court must remand for failure to establish diversity of citizenship. *Id.* at 7.

As an initial matter, if the Court were to find BANA to be a non-stakeholder in this action, it is not at all clear whether the citizenship of the Trust would control. When a plaintiff sues the trustee of a statutory trust, the citizenship of the trustee is the only relevant consideration

4

in determining whether diversity exists. *See Americold*, 136 S. Ct. at 1016 ("[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes."). Conversely, when a plaintiff sues the statutory trust itself, the citizenship of the trust is determined by looking to the citizenship of each of the trust's members. *Id.* (citing *Navarro*, 446 U.S. at 462–66; *see also Bynane v. Bank of New York Mellon*, 866 F.3d 351, 357–59 (5th Cir. 2017). It is uncertain which rule would apply where, as here, the plaintiff has sued neither the trust nor the trustee, but instead, the servicer.

In any event, the Court finds it unnecessary to apply either rule here, because the Adamses have made it abundantly clear that they are not trying to sue either the Trust or the trustee. *See* Mot. Remand [#9] at 5 ("There is no reason to assume [BANA] is a trustee nor may the Court presume it is the trustee.").[3] Instead, the Adamses deliberately brought suit against BANA, seeking a declaratory judgment that BANA—despite having purchased the property at the 2012 foreclosure sale—lacks authority to enforce or service the lien. *See* Mot. Remand [#9] at 4–5; Resp. Mot. Remand [#15] at 5. In these circumstances, the Court declines to look to the citizenship of parties the Adamses knowingly declined to sue. *Cf. Bynane*, 866 F.3d at 358 ("[W]e do not interpret *Americold* as standing for the proposition that a district court must disregard whether the trust or trustee is sued and look instead at how the substance of the

---

[3] Assuming, *arguendo*, that one of these rules did apply, the Court finds *Navarro* to be the better fit. The Adamses argue the Court should look past the citizenship of BANA because BANA is merely acting for the benefit of the Trust. Yet whether a party acts for the benefit of the trust cannot be a decisive factor, because if that were the case, the citizenship of the trustee—who presumably also acts for the benefit of the trust—would never control. *Cf. Americold*, 136 S. Ct. at 1016 (stating citizenship of trustee controls where trustee is sued in its own name). The more probative inquiry is for whom BANA is acting as agent. In this case, BANA appears to be acting as agent for the trustee, U.S. Bank. Insofar as U.S. Bank appears to exert real and substantial control over the trust assets, *see* Resp. Mot. Remand [#15] at 7–11 (citing controlling pooling and servicing agreement), the Court believes the *Navarro* rule would apply where the plaintiff has mistakenly sued an agent of the trustee rather than the trustee or the trust itself. *See Justice v. Wells Fargo Bank Nat. Ass'n*, 674 Fed. App'x 330, 332 (5th Cir. 2017) (per curiam) ("Where a trustee has been sued or files suit in her own name, the only preliminary question a court must answer is whether the party is an active trustee[] whose control over the assets held in [its] name[] is real and substantial." (internal citation and quotation marks omitted) (alterations in original)). Thus, because U.S. Bank is a citizen of Ohio, complete diversity of the parties would still exist if the *Navarro* rule applied.

5

complaint characterizes the real party to the controversy."). Because the Adamses are citizens of Texas and BANA is a citizen of North Carolina, the Court finds BANA has met its burden of showing complete diversity between the parties. This Court therefore has jurisdiction under § 1332.

## II. Request for Declaratory Relief

### A. Legal Standard

District courts have substantial discretion to stay or dismiss declaratory judgment actions under 28 U.S.C. § 2201. *See Wilson v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995). If a district court determines a declaratory judgment will serve no useful purpose, it is not incumbent upon the court to proceed to the merits before staying or dismissing the action. *Id.* (emphasizing Declaratory Judgment Act is "an enabling Act" which confers discretion on the district court "rather than an absolute right upon the litigant" (internal quotation marks and citations omitted)). When a related proceeding is already pending in state court, the proper inquiry for the district court is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The Fifth Circuit has crafted a list of seven nonexclusive factors to guide district courts' exercise of discretion in deciding whether to accept or decline jurisdiction over a declaratory judgment suit. *See Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). These factors are: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping in bringing the suit; 4) whether possible inequities in

allowing the declaratory plaintiff to gain precedence in time or to change forums exist; 5) whether the federal court is a convenient forum for the parties and witnesses; 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and 7) whether the federal court is being call on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the parties is pending. *Trejo*, 39 F.3d at 590–91.

B.   **Application**

This Court has substantial discretion to stay or dismiss declaratory judgment actions brought under 28 U.S.C. § 2201. *See Wilson*, 515 U.S. at 268–69 ("[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." (internal quotation marks and citation omitted)). In this case, the Adamses seek a declaratory judgment that BANA lacks authority under Texas law to bring a forcible detainer action in state court. The Court finds this question is more properly addressed through the forcible detainer action itself, which is already pending in state court and which is now on appeal for the second time. Am. Compl. [#8] at 3; *see also Brillhart*, 316 U.S. at 495 (suggesting court should consider whether questions in controversy "can better be settled in the proceeding pending in the state court"). The *Trejo* factors weigh in favor of this conclusion.

First, there is a pending state action in which all of the matters in controversy may be fully litigated. *See Trejo*, 39 F.3d at 590–91. The Adamses' request for declaratory relief relates exclusively to BANA's authority to bring a forcible detainer action in state court. Am. Compl. [#8] at 5–6. Presumably, this issue could be litigated in the forcible detainer action itself. The first factor weighs in favor of declining to exercise jurisdiction.

7

The second factor asks whether the plaintiffs filed the declaratory judgment suit in anticipation of a lawsuit filed by the defendant. *See Trejo*, 39 F.3d at 590–91. Here, the Adamses have not filed a declaratory judgment suit "in anticipation" of a suit by BANA—they filed suit *after* BANA had already brought a forcible detainer action in state court. Am. Compl. [#8] at 3. The Adamses declaratory judgment action asks this Court to improperly decide legal questions currently on appeal in state court. *See id.*; *Sherwin-Williams*, 343 F.3d at 397 (suggesting it is improper for plaintiff to file a declaratory judgment action "for the sole purpose of controlling the state law that would apply" in the state court suit). The second factor weighs in favor of declining to exercise jurisdiction.

The third factor asks whether the plaintiff engaged in forum shopping in bringing the declaratory judgment suit. *See Trejo*, 39 F.3d at 590–91. Here, the Adamses did not engage in forum shopping. To the contrary, BANA was the party responsible for removing the case to this Court, and the Adamses have actively sought remand. *See* Notice Removal [#1]; Mot. Remand [#9]. The Court finds the third factor weighs in favor of the exercise of jurisdiction.

Fourth, the Court finds possible inequities might arise in allowing the declaratory plaintiff to gain precedence in time or to change forums. *See Trejo*, 39 F.3d at 590–91. Any declaratory relief issued by this Court might contradict a ruling in the pending forcible detainer action. *Cf. Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. App'x 159, 168 (5th Cir. 2015) (per curiam). Therefore the fourth factor weighs in favor of declining to exercise discretion.

Turning to the fifth factor, there is no indication this Court would be an inconvenient forum for either party. *See Trejo*, 39 F.3d at 590–91. In fact, both parties are already litigating

8

the forcible detainer action in state court in Austin. *See* Am. Compl. [#8] at 3. The fifth factor therefore weighs in favor of exercising jurisdiction.

The sixth factor asks whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *See Trejo*, 39 F.3d at 590–91. Here, the exercise of jurisdiction by this Court would not be in the interest of judicial economy. The Adamses seek declaratory relief and ask this Court to construe a Texas real property statute which is already at issue in a pending state court appeal. Thus far, neither party has briefed the Court on the state law issues underlying BANA's forcible detainer action. In light of the pending appeal in state court and the nascent character of this federal proceeding, the Court finds the sixth factor weighs against exercising jurisdiction.

The seventh and final factor asks "whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the parties is pending." *See Trejo*, 39 F.3d at 590–91. This factor weighs against dismissal because there is no need to construe a state judicial decree to resolve the issues in this case.

Weighing these factors together, the Court finds that it would be improper to issue declaratory relief in light of the pending forcible detainer action in state court. The Court therefore DISMISSES the Adamses' claim for declaratory relief under § 2201.

## Conclusion

Though this Court may properly exercise diversity jurisdiction over the Adamses' claim, the Court declines to proceed to the merits of the Adamses' declaratory judgment action because the matters in controversy are more properly addressed through the forcible detainer action currently pending in state court. The Adamses' claim for declaratory relief is therefore

dismissed, and because the Adamses have asserted no other claims in their complaint, the Adamses' complaint is also dismissed.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Remand [#9] IS DENIED; and

IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint [#8] is DISMISSED WITHOUT PREJUDICE; and

IT IS FINALLY ORDERED that Defendant's Motion to Dismiss [#11] is DISMISSED AS MOOT.

SIGNED this the 6th day of November 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE